# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Stephanie Maria Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:21-353-RMG |
| vs. ) | |
| ) | |
| Kilolo Kijakazi, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on October 26, 2021, recommending that the Court reverse the decision of the Commissioner because the Administrative Law Judge ("ALJ") failed (for a second time) to properly weigh the Plaintiff's subjective complaints and further failed to weigh the opinions of Plaintiff's long-serving treating physician in accord with the standards of the Treating Physician Rule, 20 C.F.R. § 404.1527( c). (Dkt. No. 10). The Magistrate Judge recommended an award of benefits. (*Id*. at 19-20). The Acting Commissioner advised the Court she did not intend to file objections to the Magistrate Judge's R & R, but requested that the matter be remanded a second time to the agency for further proceedings. (Dkt. No. 11).

The Magistrate Judge ably summarized the significant deficiencies in the ALJ's decision,

-1-

and the Court adopts the R & R as the order of the Court, as further explained herein. This Court previously reversed the ALJ's decision in this matter in 2019, focusing on a woeful failure to properly weigh the subjective complaints of pain under the well established standards of this Circuit. (C.A. No. 2:19-1204, Dkt. Nos. 14, 16). This most recent ALJ decision repeats the mistakes of the earlier order, continuing to insist on objective evidence to corroborate the Plaintiff's subjective complaints.

The Magistrate Judge further, and accurately, notes the serious deficiencies in weighing the opinions of Plaintiff's treating physician, Dr. Payam Yousefian. The record contains a disability questionnaire completed by Dr. Yousefian that details Plaintiff's multiple chronic conditions (anxiety, insomnia, panic disorder, diabetes, iron deficient anemia, uterine fibroids, obesity, asthma, depression, hyperlipidemia, and hypertension. (Tr. at 808).[1] These conditions are diagnosed consistently in Dr. Yousefian's treatment records. (*E.g.*, Tr. at 513-14, 516-17, 561, 569, 602, 615, 621, 637, 654, 669, 675).

Dr. Yousefian's responses in the questionnaire leave little doubt Plaintiff lacks the physical capacity for full time work. She can, for example, sit or stand for no more than an hour at time, can lift 5 pounds or less only occasionally, has significant limitations in reaching, handling or fingering, and her pain would interfere with her job performance from one-third to two-thirds of the work day. (Tr. at 810-11). Dr. Yousefian further opined that Plaintiff would be absent more than three days per month and her symptoms would be exacerbated by competitive work. (Tr. at 811-12).

---

[1] The electronic record presented to the Court provides a table of contents that does not correlate with the page numbers in the record. The Court uses the transcript page at the lower right of each page for the page citation.

The ALJ accorded "little weight" to Dr. Yousefian's opinions, contending that the opinions are "inconsistent and overly exaggerated, suggesting that it was not well considered." The ALJ also rejected the opinions of another treating physician, Dr. Swapna Omraju, gave limited weight to a consultant physician's opinions, and summarily rejected the testimony of Plaintiff's husband because he was not a "disinterested party. (Tr. at 19-20). In short, the ALJ rejected the opinions of physicians who treated and evaluated Plaintiff and her husband who observed her obvious infirmities on a daily basis. Instead, the ALJ relied on the opinions of the in-house chart reviews who have never laid eyes on the Plaintiff.

The ALJ's decision is so plainly deficient that the Commissioner does not object to the Court reversing the decision. The only issue is remedy. This Court's general practice is to remand decisions to the Commissioner for further administrative action, but it is well settled that the District Court has the authority to award benefits. 42 U.S.C. § 405(g). An award of benefits by the District Court is appropriate where the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Williams v. Comm'r of Soc. Sec.*, 104 F. Supp. 2d 719, 721 (E.D. Mich. 2000). This is particularly true where there has been a significant lapse of time in the administrative processing of the claim. *Holohan*, 246 F.3d at 1210; *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984). This application for disability benefits was filed on November 12, 2014, seven years ago *today*. The time to award benefits has now arrived.

## Conclusion

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge as the order of this Court. The decision of the Commissioner is **REVERSED**, pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDED** to the agency **WITH INSTRUCTIONS TO AWARD DISABILITY INSURANCE BENEFITS** from the onset date of November 12, 2014.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

November 12, 2021
Charleston, South Carolina